Per Curiam.

Plaintiff failed to comply with the provisions of her employment contract which .required that written notice of her claim he filed with the employer within 30 days after the claim arose. Said claim arose at the end of her first month’s employment in Turkey, when payment for such allowances were allegedly due and withheld for the reason that plaintiff was residing with her husband and that her husband’s allowances were increased to the higher level of a married person on a ‘ ‘ with family ’ ’ basis. Moreover, giving section 15 of the contract the most liberal interpretation in plaintiff’s favor, her claim arose no later than June 30, 1952 when her employment with the defendants was terminated. In addition thereto, plaintiff’s original employment contract was terminated and a new agreement entered into effective December 6, 1951. On February 20,1952, when the contract was signed, the parties executed an agreement whereby the plaintiff, in consideration of $500, released all claims for transportation expenses under the original contract.
Under all the circumstances of this case, plaintiff was not entitled to the allowances which she sought and for which the court below awarded her a judgment.
The award was improper and may not be permitted to stand.
The judgment should be reversed, with $30 costs, and judgment directed for defendants dismissing the complaint on the merits, with costs.
Concur — Hecht, Aurelio and Tilzer, JJ.
Judgment reversed, etc.