■ EDWIN POWELL, Respondent, v. OMAN CONSTRUCTION CO., INC., et al., Appellants.— In an action to recover damages for breach of a written employment contract, defendants appeal from an order of the Supreme Court, Kings County, entered March 8, 1965, which denied their motion to dismiss the complaint pursuant to statute (CPLR 3211, subd. [a], pars. 1, 5). Order reversed, with $10 costs and disbursements and motion for summary judgment dismissing the complaint granted. Plaintiff was hired by defendants as a machinist in May, 1963 for a construction project in Afghanistan. On September 4, 1963 prior to the end of the period of the employment, he was advised in writing and orally at the project site that his services were terminated for alleged cause. That afternoon he picked up his airplane ticket back to the United States and the following morning, September 5, he completed the first lap of the flight by arrival at the defendants' headquarters in Kandahar, Afghanistan. There, on the morning of September 5, 1963 he executed a document which released defendants from " any and all claims, liabilities, demands, payments and actions arising out of or in the course of  *  *  *  [his] employment" with them. In his attempt to relieve himself of the bar of that release, plaintiff claimed that it was executed under duress in that he was refused certain moneys owed him unless he signed; he was afraid that thus he would be stranded in a far-off land without money or transportation. The difficulty with this claim is that by the time plaintiff executed this release he had already received his full ticket and had completed the first leg of his journey. The theory of duress is expressed in his brief constitutes a shift from the assertions contained in his affidavit in the sense that he no longer claims that the withholding of money, but that the possible, but unpronounced, threat that his airplane tickets would be cancelled, constituted the duress. The reason for this change is obvious, namely, the documentary proof demonstrates that he was paid the money owed him by a check, dated several weeks after his return to the United States. Moreover, assuming, arguendo, that there was duress, plaintiff did not act promptly enough to vitiate the effect of the release. In such cases the instrument would be voidable only; and in this case plaintiff waited 11 months before commencing the action (Feyh v. Brandtjen & Kluge, 1 A D 2d 1014, affd. 3 N Y 2d 971). There was no earlier manifestation of disaffirmance of the release and, in the interim, plaintiff even accepted and cashed unconditionally a $601.45 check issued to him several weeks after the execution of the release. When this check was cashed plaintiff was in the United States under no possible duress or compulsion. Thereby he affirmed the release, freely and voluntarily. Also, contrary to the view of the Special

Term, there is no issue of fact concerning the intent accompanying the execution of the release. The instrument is clear, unambiguous and unequivocal and the intent must be discerned from the writing itself (*Raleigh Assoc.* v. *Henry,* 302 N. Y. 467; *Buker* v. *Mt. Vernon Contr. Corp.,* 1 A D 2d 735). Furthermore, plaintiff admits that he fully understood the effects and implications of the document he was signing. An additional ground for reversal here is plaintiff's admitted noncompliance with the contractual provision requiring notice of claim to be given to defendants within 60 days after his claim, if any, arose. This is a valid and binding obligation; and plaintiff's dismissal from his job, effected in accordance with the contract, did not wash away his obligations to conform to the agreement he made in May, 1963 (see *Murray* v. *Cunard S. S. Co.,* 235 N. Y. 162; *Howlett* v. *Metcalfe Constr. Co.,* 18 Misc 2d 392 [App. Term, 1st Dept.]; *Inman* v. *Clyde Hall Drilling Co.,* 369 P. 2d 498 [Alaska]). Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.