■ JULIAN HORNSTEIN, Appellant, v NEGEV AIRBASE CONSTRUCTORS, Respondent.

In this action under a written employment agreement, defendant moved to dismiss the complaint based on documentary evidence and for failure to state a cause of action. Special Term granted the motion. We conclude that Special Term was correct in its determination.

Plaintiff, an accountant, and defendant, a joint venture involved in the construction of an air base in Israel, entered into a written employment agreement which required plaintiff to submit a notice of claim to defendant within 30 days of acquiring knowledge of facts which would entitle him to a claim for money. Plaintiff did not timely serve such notices with regard to his first seven causes of action.

Parties may agree in writing upon a shorter period of limitation than is specified in CPLR article 2 (*see,* CPLR 201). However, a shorter limitation period may be examined as to whether it is unreasonably short (*Sapinkopf v Cunard S. S. Co.,* 254 NY 111, *cert denied* 282 US 879; *Planet Constr. Corp. v Board of Educ.,* 7 NY2d 381; *see also, Kassner & Co. v City of New York,* 46 NY2d 544). A 30-day notice of claim provision was upheld as reasonable in *Gooch v Oregon Short Line R. R. Co.* (258 US 22), in the absence of evidence that the claimant was physically or mentally unable to give the required notice (*accord, Murray v Cunard S. S. Co.,* 235 NY 162 [40-day notice of claim provision valid]; *Powell v Oman Constr. Co.,* 25 AD2d 566 [60-day provision valid]). Where international projects have been involved, such provisions are justified "to permit defendants engaged in a

temporary and far distant project the opportunity of reasonably prompt investigation of any claims made, at a time when it is still practicable to do so" (*Loundon v Morrison-Knudsen Co.,* 137 F Supp 642, 643). As plaintiff failed to comply with the notice of claim provision with regard to his first seven causes of action, these claims were properly dismissed by Special Term.

Plaintiff's eighth and ninth causes of action seek to recover damages for wrongful termination. While plaintiff complied with the notice provisions with regard to these claims, the employment agreement provides that an employee can be terminated without cause. Thus, Special Term properly dismissed these claims as well (*see, Murphy v American Home Prods. Corp.,* 58 NY2d 293; *O'Donnell v Westchester Community Serv. Council,* 96 AD2d 885; *Gould v Community Health Plan,* 99 AD2d 479).

Plaintiff's tenth cause of action seeks overtime wages under the labor laws of the United States, Israel, and New York. We note that while the Fair Labor Standards Act generally mandates overtime wages for work performed in excess of 40 hours per week (29 USC § 207 [a]), this provision of the act "shall not apply with respect to any employee whose services during the workweek are performed in a workplace within a foreign country" (29 USC § 213 [f]). Thus, no cause of action is stated based upon Federal law. As to plaintiff's cause of action predicated on Israeli law, it should be noted that the contract provides that the agreement is to be "governed and construed under the law of the State of New York" and New York does not have a mandatory overtime law (*see,* Labor Law § 160). In addition, on April 6, 1979, the Governments of the United States and Israel entered into a written agreement exempting personnel such as plaintiff from Israeli regulations pertaining to overtime pay. Section I of the employment agreement between the parties provides that there is to be no overtime pay, and an agreement dated August 9, 1979 between plaintiff and Louis Berger International, Inc., one of the joint venturers comprising defendant, also notes that no overtime pay will be paid. Since no overtime pay is awardable pursuant to either statute or contract, plaintiff's tenth cause of action was also properly dismissed. Titone, J. P., Mangano, Weinstein and Brown, JJ., concur.