■ MICHAEL J. TAUB, Respondent, v AMANA IMPORTS, INC., et al., Appellants, et al., Defendants

The plaintiff, a lawyer, alleges in the complaint that he engaged the services of the defendant Five Town Homes Realty, Inc., and its employees the defendants Dobuler and Schachter (collectively the Realty defendants), to locate a home for him in the Five Towns area. He further alleges that, through a different realtor, he was shown property in that area which was owned by Lillian May, that he and Ms. May entered into an agreement as to terms and agreed they would sign a contract of sale, and that the Realty defendants and the appellants, in collusion with each other and with knowledge of the agreement between the plaintiff and Ms. May, intentionally interfered with that agreement by making certain false representations about the plaintiff. It is claimed that the defendant Schachter, with the approval of the defendant Dobuler, made the statements in the presence of Ms. May and others that the plaintiff had previously been denied credit, that the plaintiff had previously backed out of a commitment to purchase another home, and that the plaintiff was dishonest, not credible, and did not have funds to purchase Ms. May's home. The plaintiff alleges that, through the defendant Schachter, the Realty defendants, as agents for the appellants acting within the scope of that agency and in furtherance of the intent of all the defendants to interfere with the contract between the plaintiff and Ms. May, made these statements which are and were known by them to be false. The plaintiff further alleges that through their acts, all the defendants falsely induced Ms. May to execute and deliver to the appellants a binder, that Ms. May informed the plaintiff she would not sign a contract with him because of the representations made by the defendants, and that, when the plaintiff advised Ms. May that these representations were false, Ms. May sought return of the binder given to the appellants. The record establishes that the appellants sued Ms. May for specific performance of the binder, which action was settled during the pendency of the motion giving rise to this appeal.

The plaintiff interposes two causes of action as against the appellants. The first cause of action is premised on a theory of intentional interference with contract. The second cause of action sounds in defamation. The appellants made application for, *inter alia,* dismissal of the complaint insofar as it is asserted *against* them pursuant to CPLR 3211 (a) (7). With respect to the first cause of action, they contend that, since one cannot induce breach of an invalid contract, they could

not have induced the breach of or interfered with the alleged agreement between the plaintiff and Ms. May because it was not reduced to writing *(see,* General Obligations Law § 5-703). They also contend that the second cause of action is facially defective because the plaintiff failed to set forth facts demonstrating that the Realty defendants were agents of the appellants so as to warrant attributing any defamatory words to them and because the plaintiff failed to plead *in haec verba* the words constituting the alleged slander *(see,* CPLR 3013, 3016 [a]).

We agree with the appellants that, generally, the existence of a valid, enforceable contract is a necessary predicate for a cause of action sounding in intentional interference with performance of a contract *(see, Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183; *Israel v Wood Dolson Co.,* 1 NY2d 116, 120). However, recovery may nonetheless be had where, although the contract on which the plaintiff relies is voidable, the defendant has induced a party not to abide by its terms by means of fraud or other misconduct *(Guard-Life Corp. v Parker Hardware Mfg. Corp., supra,* at 194; *Rice v Manley,* 66 NY 82; *cf., Livoti v Elston,* 52 AD2d 444). The plaintiff's complaint sets forth sufficient facts to sustain the first cause of action.

The second cause of action is also facially valid. The complaint contains sufficient facts and circumstances so as to give both the court and the defendants adequate notice of the transactions and occurrences by which the plaintiff intends to prove that the remarks of the defendant Schachter are attributable to the appellants *(see,* CPLR 3013; *Foley v D'Agostino,* 21 AD2d 60). Although he did not put quotation marks around the words he alleges were defamatory, the plaintiff has set forth the words on which his defamation cause of action is premised *(see,* CPLR 3016 [a]; *Privitera v Town of Phelps,* 79 AD2d 1; *cf., Liffman v Booke,* 59 AD2d 687).

The appellants' contention that the second cause of action is defective because the plaintiff's allegation as to special damages is inadequate was not raised before the Supreme Court. Assuming that an allegation of special damages is necessary *(see, Privitera v Town of Phelps, supra),* the appellants' argument is not properly before this court and may not be considered for the first time on appeal *(see, e.g., Schoonmaker v State of New York,* 94 AD2d 741). We have considered the appellants' remaining contentions and find them to be without merit. Thompson, J. P., Brown, Weinstein and Harwood, JJ., concur.