■ JANE C. PARKER, Respondent, v REVLON, INC., Appellant. [621 NYS2d 306] —Order, Supreme Court, New York County (Walter M. Schackman, J.), entered August 6, 1993, to the extent that it denied defendant's motion to dismiss the first, second, fourth, fifth and part of the third causes of action in the complaint for failure to state a cause of action, unanimously reversed, on the law, with costs, and the complaint is dismissed in its entirety.

Plaintiff accepted a written offer of employment from defendant, dated June 30, 1992, under which she would be hired as senior vice president for marketing in defendant's Professional Products Group. Under the terms of employment, plaintiff would earn an annual salary of $155,000, receive a sign-on

bonus of $20,000, and also receive an annual incentive bonus which for 1992 would be no less than $25,000. Employment was to commence on August 3, 1992, and plaintiff would report directly to the president of defendant's Professional Products Group.

When plaintiff reported for duty on the appointed date, she was informed that the Professional Products Group had been merged into another of defendant's corporate divisions, that the promised position as senior vice president of that group had been eliminated, and that she was now being assigned to a position in the new division where she would neither report nor be responsible directly to the officer who had been president of the Professional Products Group. Plaintiff immediately resigned from the job and brought this action, alleging that the terms of her employment had been "substantively, dramatically and materially" altered unilaterally, thus adversely affecting her "stature, status, and promotional opportunity" with the company.

The complaint alleges five causes of action, each brought under article 6 of the Labor Law (actions for "Payment of Wages"). The claims, each derived from the letter agreement, are for her pro-rated wages for one day of employment ($576.92); her sign-on bonus ($20,000); her 1992 guaranteed minimum bonus ($25,000); her severance compensation, equal to twelve months of salary and benefits (estimated at $150,000); and the cash value of termination benefits (estimated at $100,000). Each cause of action further seeks attorney's fees and costs, plus an additional 25% in liquidated damages for willful violation of the statute (Labor Law § 198 [1-a]).

An action for wages and related compensation under article 6 of the Labor Law is limited to claims founded on the substantive provisions of that statute (Gottlieb v Laub & Co., 82 NY2d 457). It has long been held (People v Grass, 257 App Div 1, 3) that the purpose of this statutory remedy is to assure the prompt and expeditious payment of wages to employees for hire—a category of personnel which, incidentally, includes executives (Daley v Related Cos., 179 AD2d 55). That is the sum and substance of the legislative interest in what is essentially a contractual dispute between parties. "[N]othing in the language of [the statute] suggests that it was intended to provide any remedy whatsoever for the successful prosecution of a common-law civil action for contractually due remuneration on behalf of employees who in all other respects are excluded from wage enforcement protection" under article 6 (Gottlieb v Laub & Co., supra, at 462).

Plaintiff went to work for one day and voluntarily resigned based on circumstances which she interpreted as a material breach of the terms of her employment. While she retained a civil right to sue on contract, her grievance had nothing whatsoever to do with a failure on defendant's part to make prompt and expeditious payment of wages. We are bound, for purposes of a motion to dismiss, to accord every favorable inference to the facts pleaded in the complaint *(Sanders v Winship,* 57 NY2d 391, 394), but we are not so constrained with regard to "allegations consisting of bare legal conclusions" *(Gertler v Goodgold,* 107 AD2d 481, 485, *affd* 66 NY2d 946). Plaintiff's claims for statutory protection fall into the latter category. Concur—Sullivan, J. P., Wallach, Ross and Williams, JJ.