Jorge GALLEGOS, Plaintiff,

v.

The BRANDEIS SCHOOL, et al., Defendants.

No. 97–CV–5851 (JS) (VVP).

United States District Court, E.D. New York.

Oct. 18, 1999.

Chris Mills, New York City, for Plaintiff.

Mark L. Kalish, Moss & Kalish, New York City, for Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

SEYBERT, District Judge.

Pending before the Court is the April 20, 1999 Report and Recommendation of Magistrate Judge Viktor V. Pohorelsky, recommending that plaintiff's motion to amend his complaint to add a claim under New York Labor Law for unpaid overtime wages be denied. Plaintiff timely objected to the Report and Recommendation; the Defendants have not responded to the objection.

The facts of this case are set forth in the Report and Recommendation and need not be repeated here. It is sufficient for purposes of this order to point out that the New York Court of Appeals expressly has held that "the remedies provided in section 198 [of the Labor Law] were intended to be *limited to claims based upon substantive violations of the article.*" *Gottlieb v. Kenneth D. Laub & Co., Inc.,* 82 N.Y.2d 457, 463, 605 N.Y.S.2d 213, 216–17, 626 N.E.2d 29 (1993) (emphasis added). The Court of Appeals additionally held that "the statutory remedy of an award of attorney's fees to a prevailing employee, as well as the liquidated damages remedy where a willful failure to pay wages has been established, are limited to actions for *wage claims founded on the substantive provisions of Labor Law article 6.*" *Id.* at 464, 605 N.Y.S.2d at 217, 626 N.E.2d 29 (emphasis added).

In so holding, the Court of Appeals denied attorney's fees and liquidated damages to a plaintiff who had alleged only a common law cause of action for breach of contract. *Id.* at 460, 605 N.Y.S.2d at 215, 626 N.E.2d 29. In

other words, the plaintiff's failure to allege a substantive violation of article 6 of the Labor Law precluded an award of attorney's fees and liquidated damages.

■ Given that "New York does not have a mandatory overtime law," *Hornstein v. Negev Airbase Constructors*, 110 A.D.2d 884, 885, 488 N.Y.S.2d 435, 437 (2d Dep't 1985), and that a "plaintiff cannot assert a statutory claim for wages under the Labor Law if he has no enforceable contractual right to those wages," *Tierney v. Capricorn Investors, L.P.*, 189 A.D.2d 629, 632, 592 N.Y.S.2d 700, 703 (1st Dep't 1993), Plaintiff's proposed amendment fails under New York law, and thus properly is labeled futile. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). As such, the magistrate judge's recommendation that plaintiff's motion to amend the complaint be denied was correct in all respects.

### CONCLUSION

The Court has reviewed Plaintiff's objections, and has considered the Report and Recommendation de novo, but finds the objections to be without merit. The Court, for the reasons set forth by · Magistrate Judge Pohorelsky, agrees that Plaintiff's proposed amendment to the complaint would be futile. Therefore, it is hereby

ORDERED that the April 20 Report and Recommendation is ADOPTED in its entirety, and that plaintiff's motion to amend the complaint is DENIED.

SO ORDERED.

### REPORT AND RECOMMENDATION

POHORELSKY, United States Magistrate Judge.

The plaintiff moves to amend his complaint in this action brought pursuant to Title VII and the Fair Labor Standards Act ("FLSA") to add a state law claim under the New York Labor Law for unpaid overtime wages. Because the plaintiff has not alleged a contractual right to overtime wages, the plaintiff cannot state a claim under section 198 of the New York Labor Law; therefore, the undersigned reports and recommends that the plaintiff's motion to amend be denied.

## I.

The plaintiff, Jorge Gallegos, was employed as a janitor by the defendant Brandeis School from 1992 until April 1997. For reasons not relevant to the instant motion, the plaintiff's employment with the defendant terminated on April 14, 1997. In addition to his discrimination and defamation claims, Gallegos seeks relief under the Fair Labor Standards Act, 29 U.S.C. § 201, claiming that the defendant refused to pay him overtime wages for hours worked over forty per week during the time of his employment. The plaintiff now seeks to amend his complaint to add a claim for unpaid overtime wages under section 198 of the New York Labor Law.

## II.

■ The amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure which provides that once a responsive pleading has been filed, the parties may amend their pleadings only by the consent of their adversaries or by leave of the court. Fed.R.Civ.P. 15(a). Generally, leave to amend should be granted freely, and amendment is typically permitted. *Id.; Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Nerney v. Valente & Sons Repair Shop*, 66 F.3d 25, 28 (2d Cir. 1995). "Although the decision of whether to allow leave to amend is left to the sound discretion of the district court, there must be good reason to deny the motion." *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir.1995). In evaluating the proposed claim, the court must take the allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g., Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied*, 513 U.S. 836, 115 S.Ct. 117, 130 L.Ed.2d 63 (1994). If this assessment results in the conclusion that the proposed amendment must fail as a matter of law, the amendment would be futile, and leave to amend is properly denied. *Foman*, 371 U.S. at 182, 83 S.Ct. 227; *Acito*, 47 F.3d at 55.

■ Courts should exercise caution, however, in labeling a claim "futile." *Ster-*

*ling,* 154 F.R.D. at 589 (citing *Lerman v. Chuckleberry Pub., Inc.,* 544 F.Supp. 966, 968 (S.D.N.Y.1982), *rev'd on other grounds sub nom.,* 745 F.2d 123 (2d Cir.1984), *cert. denied,* 471 U.S. 1054, 105 S.Ct. 2114, 85 L.Ed.2d 479 (1985)). A proposed claim may be labeled futile only where it is clearly "frivolous or legally insufficient on its face." *Id.* If the proposed claim sets forth facts and circumstances which may entitle the plaintiff to relief, then futility is not a proper basis on which to deny the amendment. *See Allstate Ins. v. Administratia Asigurarilor De Stat,* 875 F.Supp. 1022, 1029 (S.D.N.Y. 1995); *Mathon v. Marine Midland Bank, N.A.,* 875 F.Supp. 986, 1003 (E.D.N.Y.1995). Finally, even where the possibility of relief is remote, amendment must be permitted because it is the possibility of recovery, not its likelihood, that guides the court's analysis. *See, e.g., Vermont Plastics, Inc. v. Brine, Inc.,* 79 F.3d 272, 278 (2d Cir.1996).

The defendant contends that the plaintiff's motion to amend to add a claim under section 198 of the New York Labor Law must be denied on the grounds of futility. The defendant argues that because New York does not have a mandatory overtime law, the plaintiff cannot allege a violation of the New York Labor Law. Such a violation, the defendant contends, is required to maintain an action under section 198.

Section 198 of the New York Labor Law provides:

1–a.  In any action instituted upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee reasonable attorney's fees and, upon a finding that the employer's failure to pay the wage required by this article was willful, an additional amount as liquidated damages equal to twenty-five percent of the total amount of the wages found to be due.

. . .

3.  Notwithstanding any other provision of law, an action to recover upon a liability imposed by this article must be commenced within six years . . .

N.Y. Lab. Law § 198.

■ Section 198 does not in itself provide substantive rights but, rather, provides rem-edies for substantive violations of other provisions of article 6 of the New York Labor Law. *See, e.g., Gottlieb v. Kenneth D. Laub & Co.,* 82 N.Y.2d 457, 463, 626 N.E.2d 29, 32–33, 605 N.Y.S.2d 213, 217 (1993); *Taylor v. Blaylock & Partners, L.P.,* 240 A.D.2d 289, 292, 659 N.Y.S.2d 257, 260 (1st Dep't 1997); *Parker v. Revlon, Inc.,* 211 A.D.2d 415, 416, 621 N.Y.S.2d 306, 307 (1st Dep't 1995). Accordingly, "persons otherwise unprotected by the substantive wage laws of Labor Law article 6" may not assert a claim under section 198. *Gottlieb,* 82 N.Y.2d at 464, 626 N.E.2d at 33, 605 N.Y.S.2d at 217; *accord Canet v. Gooch Ware Travelstead,* 917 F.Supp. 969, 995 (E.D.N.Y.1996); *Tischmann v. ITT/Sheraton,* 882 F.Supp. 1358, 1370 (S.D.N.Y.1995).

"New York does not have a mandatory overtime law." *Hornstein v. Negev Airbase Constr.,* 110 A.D.2d 884, 885, 488 N.Y.S.2d 435, 437 (2d Dep't 1985); *see* N.Y. Lab. Law § 160. Indeed, to assert any substantive claim for wages under article 6, a plaintiff must have an enforceable contractual right to those wages. *See, e.g., Tierney v. Capricorn Investors, L.P.,* 189 A.D.2d 629, 632, 592 N.Y.S.2d 700, 703 (1st Dep't 1993), *leave to appeal denied,* 81 N.Y.2d 710, 599 N.Y.S.2d 804, 616 N.E.2d 159 (1993); *accord Zaitsev v. Salomon Bros.,* 60 F.3d 1001, 1004 (2d Cir. 1995); *Ellis v. Provident Life & Accident Ins. Co.,* 3 F.Supp.2d 399, 413 (S.D.N.Y. 1998). Absent such a *contractual,* as opposed to a *statutory right,* any section 198 claim must fail. *See, e.g., Tierney,* 189 A.D.2d at 632, 592 N.Y.S.2d at 703.

■ The gist of the plaintiff's argument appears to be that he has a right to overtime wages pursuant to the FLSA and that this right suffices to allege a substantive violation of article 6 of the Labor Law which, in turn, permits him to bring a claim under section 198. This argument flies in the face of the case law, however, which requires the existence of a *contractual,* as opposed to a statutory right to wages sought under article 6. *See, e.g., Tierney,* 189 A.D.2d at 632, 592 N.Y.S.2d at 703. In his complaint, the plaintiff fails to allege the existence of any agreement to support his

claim that he was entitled to overtime wages.[1] Absent the allegation of an enforceable contract between the parties which provides for overtime pay to the plaintiff, it is clear that the plaintiff cannot base his section 198 claim upon a substantive violation of article 6. *See, e.g., Gottlieb,* 82 N.Y.2d at 463, 626 N.E.2d at 32–33, 605 N.Y.S.2d at 217.

As the plaintiff's section 198 claim must fail as a matter of law, leave to amend is properly denied on the grounds of futility. *See Foman,* 371 U.S. at 182, 83 S.Ct. 227. Accordingly, the undersigned reports and recommends that the plaintiff's motion to amend be denied.

## CONCLUSION

In sum, the undersigned REPORTS AND RECOMMENDS that the plaintiff's motion to amend his complaint to add a claim under section 198 of the New York Labor Law be DENIED.

\* \* \* \* \* \*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court with a copy to the undersigned within 10 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health and Human Serv.,* 892 F.2d 15, 16 (2d Cir.1989) (per curiam).

Dated: Uniondale, New York
     April 20, 1999

---

1. The plaintiff's assertion that "[h]e had a contract with the employer for payment ... for hours worked overtime" appears only as an unsupported statement in his reply brief, a document outside the court's scope of review on a motion to amend. Pl's. Reply Me., at 3; *see Hernandez,* 18 F.3d at 136.