■ ELISE M. NEGRIN, Respondent, v NORWEST MORTGAGE, INC., Appellant. [741 NYS2d 287] —In an action to recover damages for alleged violations of Real Property Law § 274-a and General Business Law § 349, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated January 24, 2001, as granted that branch of the plaintiff's motion which was for class action certification pursuant to CPLR article 9 of her claims other than those under the General Business Law for penalties.

Ordered that the order is reversed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, for limited discovery and a hearing on the issue of class action certification, and for a new determination.

The plaintiff sought class action certification for "all New York State residents who were owner-occupiers of one-to-six family residential structures or residential condominium units and whose mortgage loans were serviced" by the defendant, and who the defendant charged fees in violation of Real Property Law § 274-a (2) (a).

The defendant, in opposition to the plaintiff's motion for class action certification, alleged, inter alia, that the plaintiff was not an owner-occupier of her condominium unit, and submitted documentary evidence in support of that claim. The defendant also disputed whether the plaintiff established the prerequisites of a class action (*see* CPLR 901 [a]). Those prerequisites include, inter alia, that there are questions of law or fact common to the class which predominate over questions affecting only individual members (*see* CPLR 901 [a] [2]), that the claims or defenses of the representative parties are typical of the claims or defenses of the class (*see* CPLR 901 [a] [3]), and that a class action will provide a "fair and efficient adjudication of the controversy" (CPLR 901 [a] [5]). Moreover, the defendant claimed that substantial difficulties would be encountered in managing of the class action (*see* CPLR 902 [5]).

The Supreme Court granted the plaintiff's application for class action certification without commenting on the evidence presented, noting that this Court, on a prior appeal, ruled in the plaintiff's favor in an opinion (*see Negrin v Norwest Mtge.,* 263 AD2d 39).

This Court, in its prior determination in *Negrin v Norwest Mtge* (*supra*) assumed the truth of the plaintiff's allegations. The issue before this Court was whether the complaint should be dismissed for failure to state a cause of action (*see* CPLR 3211 [a] [7]), not the question of class action certification (*see,* CPLR 901, 902). The determination on that prior appeal is not relevant to the issues here.

CPLR 901 (a) permits "[o]ne or more members of a class" to sue or be sued as a representative of the class. In the instant case, the plaintiff's own statements and documentary evidence raise a question of fact as to whether she is a member of class she seeks to represent. Further, the court failed to analyze whether the action meets the statutory prerequisites for class action certification.

The record is insufficient to make an informed determination as to whether class action certification is proper. Accordingly, the matter is remitted to the Supreme Court, Nassau County, for limited discovery and a hearing on that issue (*see Geiger v American Tobacco Co.,* 252 AD2d 474). S. Miller, J.P., Krausman, Goldstein and Cozier, JJ., concur.