13-3142-cv
Kearins v. Panalpina

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand fourteen.

Present:
> JOHN M. WALKER, JR.,
> PETER W. HALL,
> > *Circuit Judges*,
> J. GARVAN MURTHA,
> > *District Judge.*[*]

---

MICHAEL J. KEARINS, as successor of interest to Pinnacle Interior Elements, Ltd.,

> *Plaintiff-Counter-Defendant-Appellant*,

Pinnacle Interior Elements, Ltd.,

> *Plaintiff-Counter-Defendant*,

> v.                                                        No. 13-3142-cv

PANALPINA, INC.,

> *Defendant-Counter-Claimant-Appellee.*

---

[*] The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

FOR APPELLANT:        Matthew Daniel Rinaldi, Law Office of Matthew D. Rinaldi, PLLC, Irving, TX.

FOR APPELLEE:         John Alan Orzel, Carroll, McNulty & Kull, LLC, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Reyes, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Michael Kearins, the "successor of [sic] interest" to Pinnacle Interior Elements, Ltd. ("Pinnacle"), appeals from the district court's August 28, 2013 judgment in favor of Appellee Panalpina, Inc. ("Panalpina") that resolved his suit for damages resulting from the business relationship between Pinnacle and Panalpina. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the specific issues on appeal.

Kearins first argues that the magistrate judge improperly granted Panalpina's motion for summary judgment and dismissed his claims of negligence, breach of fiduciary duty, and negligent misrepresentation. We review orders granting summary judgment *de novo. See Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013). "Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.* Kearins contends that a "Limitations of Actions" provision contained in Panalpina's Terms and Conditions of Service is unenforceable because Pinnacle had no actual knowledge of that document. In May 2003,

2

however, Kearins signed a Power of Attorney on behalf of Pinnacle in which he expressly "acknowledge[d] receipt of Panalpina's Terms and Conditions of Service." Under New York law, a person who signs an agreement is conclusively bound by it even if he did not read the agreement or understand its terms. *See, e.g.*, *Gillman v. Chase Manhattan Bank*, 73 N.Y.2d 1, 11-12 (1988) (further rejecting "the argument that the terms of the security agreement were inconspicuous because [they were] typed in fine print on the reverse side of the [contract]" because the security agreement was "clearly noted" in the text of the signed contract). The same is true of the terms of a document clearly incorporated by reference into the signed agreement, as the Terms and Conditions of Service were in this case. *See PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1201 (2d Cir. 1996). By signing the Power of Attorney, Kearins bound Pinnacle to the provisions contained in Panalpina's Terms and Conditions of Service, including the Limitations of Actions provision and its 90-day notice of claim requirement. We therefore agree with the magistrate judge that Kearins's claims are barred because Pinnacle failed to comply with the Limitations of Actions when it did not provide Panalpina with written notice of its claims within 90 days of the events giving rise to those claims.

Kearins also argues that the 90-day notice of claim requirement was unreasonably short. We disagree. Kearins conflates a contractual notice of claim requirement with a contractual limitations period for filing suit. The New York courts treat such provisions differently. *See, e.g.*, *S. & Cent. Am. Commercial Co. v. Panama R.R. Co.*, 237 N.Y. 287, 292 (1928) (Cardozo, J.) ("We are not to confuse a limitation for a preliminary notice with one for the institution of suit."). While New York courts have expressed some reluctance to

3

enforce contractual limitations periods for filing suit when the period is unreasonably short, *see, e.g., Certified Fence Corp. v. Felix Indus., Inc.*, 687 N.Y.S.2d 682, 683-84 (2d Dep't 1999) (90-day contractual limitations period unreasonable), those courts have routinely enforced contractual *notice of claim* periods that are much shorter than the 90-day period of which Kearins complains, *see, e.g., Murray v. Cunard S.S. Co.*, 235 N.Y. 162, 164-65 (1923) (40-day contractual notice of claim requirement enforced); *Hornstein v. Negev Airbase Constructors*, 488 N.Y.S.2d 435, 436-37 (2d Dep't 1985) (30-day notice of claim requirement); *Powell v. Oman Constr. Co.*, 267 N.Y.S.2d 862, 865 (2d Dep't 1966) (60-day notice of claim requirement).

Kearins argues that Panalpina failed to demonstrate that Pinnacle did not give written notice within the 90-day period. Panalpina, however, submitted evidence that Pinnacle first provided written notice of its claims in a letter dated January 14, 2009. While Kearins suggests that Pinnacle actually notified Panalpina of its claims at an earlier date, he failed to introduce any evidence to that effect and his unsupported speculation is insufficient to withstand summary judgment. *See Shannon v. N.Y. City Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003) (To defeat a summary judgment motion "the nonmoving party must come forward with specific facts showing that there is a genuine issue of material fact for trial."). Accordingly, the magistrate judge properly granted Panalpina's summary judgment motion as to Kearins's claims of negligence, breach of fiduciary duty, and negligent misrepresentation.

Kearins next contends that the magistrate judge erred in granting judgment as a matter of law to Panalpina on his fraudulent inducement claim. Under Rule 50 of the Federal Rules of Civil Procedure, a district court may grant judgment as a matter of law against a party if "a reasonable jury would not have a legally sufficient evidentiary basis to

4

find for the party." Fed. R. Civ. P. 50(a). We review *de novo* the grant of a judgment as a matter of law, *Peters v. Baldwin Union Free Sch. Dist.*, 320 F.3d 164, 167 (2d Cir. 2003), viewing "the evidence in the light most favorable to the party against which the motion was made," *Highland Capital Mgmt. LP v. Schneider*, 607 F.3d 322, 326 (2d Cir. 2010) (internal quotation marks omitted).

Having conducted an independent and *de novo* review of the record in light of the above principles, we affirm for substantially the same reasons as those set forth by the magistrate judge in his August 23, 2013 memorandum and order. Kearins's arguments on appeal do not alter this conclusion. First, Kearins attacks the magistrate judge's determination that his trial evidence failed to establish that Panalpina "lacked the intent to perform its freight-forwarding duties" by arguing that he did not acknowledge during trial that Panalpina performed "its duties with respect to shipments from China." Contrary to this assertion, however, Kearins specifically testified that other than delays caused by issues with the United States Customs and Border Protection Agency ("CBP"), there was never a time when Panalpina failed to get Pinnacle's products "from point A to point B." That Panalpina did so throughout the parties' relationship demonstrates its intent, at the time the parties entered into the contract, to fulfill its promises to deliver Pinnacle's products. *See Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994) ("The failure to fulfill a promise to perform future acts is not ground for a fraud action unless there existed an intent not to perform at the time the promise was made.").

Second, the trial evidence supports the magistrate judge's conclusion that, as it represented to Pinnacle, Panalpina had the ability to interface automatically with the CBP at

5

the time the parties entered into the contract.  That Panalpina's employees failed to use this capability effectively after the parties entered into the contract does not, without more, demonstrate that Panalpina knew at the time of contract formation "that the represented level of performance [could not] be achieved."  *Cohen*, 25 F.3d at 1172; *see also Wall v. CSX Transp., Inc.*, 471 F.3d 410, 416 (2d Cir. 2006) (internal quotation marks omitted) ("[G]eneral allegations that [a] defendant entered into a contract while lacking the intent to perform it are insufficient to support a fraud claim." (internal quotation marks and brackets omitted)). Finally, we note that many of Panalpina's representations made prior to contract formation constitute non-actionable "puffery" or opinions of future events.  *See Cohen*, 25 F.3d at 1172.

We have considered all of Kearins's remaining arguments and have concluded that they are without merit.  We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6