(April 8, 2015)

■ ROBERT ACKERMAN, on Behalf of Himself and All Others Similarly Situated, Respondent, v NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS, Appellant. [7 NYS3d 327]—

In a putative class action, inter alia, to recover damages pursuant to Labor Law article 6, the defendant appeals from so much of an order of the Supreme Court, Queens County (Sampson, J.), entered April 17, 2014, as denied those branches of its motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first and third causes of action and the class action allegations of the complaint for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was a paramedic employed by the defendant New York Hospital Medical Center of Queens (hereinafter the Hospital). The plaintiff commenced this putative class action on behalf of himself and a proposed class composed of other employees of the Hospital. The complaint alleged that the Hospital determined the plaintiff's wages on the basis of time, and that the timekeeping system utilized by the Hospital rounded down to the nearest quarter-hour when employees worked past their scheduled shift. The complaint further alleged that the Hospital's system never rounded up, only down, and that, pursuant to this policy, the Hospital, in violation of Labor Law article 6, had withheld wages and overtime that the plaintiff had earned.

The Hospital moved pursuant to CPLR 3211 (a) (7) to

dismiss, inter alia, the first and third causes of action, and the class action allegations of the complaint for failure to state a cause of action. In an order dated April 17, 2014, the Supreme Court, among other things, denied those branches of the Hospital's motion. The Hospital appeals. We affirm the order insofar as appealed from.

In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Paolicelli v Fieldbridge Assoc., LLC*, 120 AD3d 643, 644 [2014]).

"Article 6 of the Labor Law sets forth a comprehensive set of statutory provisions enacted to strengthen and clarify the rights of employees to the payment of wages" (*Truelove v Northeast Capital & Advisory*, 95 NY2d 220, 223 [2000]; *see Gottlieb v Kenneth D. Laub & Co.*, 82 NY2d 457, 461 [1993]). Section 190 of the Labor Law defines the term "wages" as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis" (Labor Law § 190 [1]). "Section 193 prohibits an employer from making 'any deduction from the wages of an employee' unless permitted by law or authorized by the employee for certain payments made for the employee's benefit" (*Ryan v Kellogg Partners Inst. Servs.*, 19 NY3d 1, 16 [2012], quoting Labor Law § 193 [1] [a], [b]; *see Matter of Hudacs v Frito-Lay, Inc.*, 90 NY2d 342, 346-347 [1997]; *Gennes v Yellow Book of N.Y., Inc.*, 23 AD3d 520, 521 [2005]).

Here, the complaint alleged that the plaintiff was an employee of the Hospital, and that his wages were determined on the basis of time (*see* Labor Law § 190 [1]). The complaint further alleged that portions of the wages and overtime compensation that he had earned were improperly withheld by the Hospital in violation of the Labor Law (*see* Labor Law § 193 [1]). Accordingly, the complaint adequately set forth causes of action to recover unpaid wages and overtime compensation withheld from the plaintiff (*see V. Groppa Pools, Inc. v Massello*, 106 AD3d 723, 724 [2013]; *Jacobs v Macy's E.*, 262 AD2d 607, 608-609 [1999]; *see also Konidaris v Aeneas Capital Mgt., LP*, 8 AD3d 244, 244 [2004]). Contrary to the Hospital's contention, the first and third causes of action were "sufficiently particular to give the court and parties notice of the transactions,

occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action" (CPLR 3013; *see generally Taub v Amana Imports*, 140 AD2d 687, 689 [1988]).

Furthermore, the complaint included factual allegations addressing each of the five prerequisites to class certification (*see* CPLR 901 [a]). Accordingly, the class action allegations in the complaint were adequately pleaded (*see* CPLR 901 [a]; *Bernstein v Kelso & Co.*, 231 AD2d 314, 323 [1997]). Moreover, contrary to the Hospital's contention, the class action allegations were set forth in the complaint with sufficient particularity (*see* CPLR 3013; *see generally Taub v Amana Imports*, 140 AD2d at 689).

To the extent that the Hospital contends that the class action allegations should be dismissed pursuant to CPLR 3211 (a) (7) on the ground that the plaintiff failed to actually demonstrate the prerequisites for class certification enumerated under CPLR 901 (a), that contention is without merit (*see Bernstein v Kelso & Co.*, 231 AD2d at 323). "Pursuant to CPLR 902, a motion to determine whether a class action may be maintained is to be made within 60 days after the time to serve the responsive pleading has expired" (*id.* at 323; *see* CPLR 902). Here, the Hospital's motion pursuant to CPLR 3211 (a) (7) was made prior to the service of the answer and, thus, the issue of whether class certification should or should not be granted is not properly raised in the context of such a motion (*see Negrin v Norwest Mtge.*, 293 AD2d 726, 727 [2002]; *Bernstein v Kelso & Co.*, 231 AD2d at 323). Rivera, J.P., Chambers, Miller and Duffy, JJ., concur.