Rosario v Hallen Constr. Co., Inc. (2023 NY Slip Op 01490)

Rosario v Hallen Constr. Co., Inc.

2023 NY Slip Op 01490

Decided on March 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2023

Before: Manzanet-Daniels, J.P., Singh, Kennedy, Shulman, JJ. 

Index No. 157141/21 Appeal No. 17556 Case No. 2022-04172 

[*1]Daniel Rosario et al., Plaintiffs-Appellants,
v
The Hallen Construction Co., Inc., Defendant-Respondent.

Virginia & Ambinder, LLP, New York (Jack L. Newhouse of counsel), for appellants.
Rivkin Radler LLP, Uniondale (Henry Mascia of counsel), for respondent.

Order, Supreme Court, New York County (Nancy Bannon, J.), entered August 8, 2022, which, to the extent appealed from, granted defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7), unanimously reversed, on the law, with costs, and the motion denied.
Plaintiffs' complaint sufficiently states a claim for unpaid overtime wages in violation of Labor Law §§ 191 and 663 and 12 NYCRR 142-2.2 (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Plaintiffs allege that they were not compensated for hours spent before and after their shift, loading company vehicles and receiving job assignments, before traveling to construction sites throughout the New York City region (see e.g. Quintanilla v Suffolk Paving Corp., 2019 WL 885933, *30-32, 2019 US Dist LEXIS 30664, *97-106 [ED NY, Feb. 22, 2019, CV 09-5331 (AKT)]). Although the complaint does not contain the particular dates or weeks that plaintiffs were allegedly underpaid, it provides sufficient notice of their causes of action for unpaid wages and overtime based on pre-shift and post-shift work performed at defendant's yard (see e.g. Ackerman v New York Hosp. Med. Ctr. of Queens, 127 AD3d 794, 795-796 [2d Dept 2015]).
In addition, defendant's documentary evidence is insufficient to support a motion to dismiss under CPLR 3211(a)(1). Dismissal on the basis of documentary evidence is appropriate only if that evidence "utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law"(Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002], citing Leon, 84 NY2d at 88). Affidavits are not documentary evidence that can support a 3211(a)(1) motion (Johnson v Asberry, 190 AD3d 491, 492 [1st Dept 2021]). The documentary evidence fails to utterly refute plaintiffs' claim that they were not timely paid overtime compensation. Despite defendant's assertions, it is unclear whether the daily reports submitted with its motion properly reflect the alleged work performed before plaintiffs' shifts began or after their shifts had purportedly ended.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2023