Okeke v Interfaith Med. Ctr. (2024 NY Slip Op 00774)

Okeke v Interfaith Med. Ctr.

2024 NY Slip Op 00774

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2019-00198
 (Index No. 522746/17)

[*1]Deidre Okeke, as administrator of the estate of Theophilus Okeke, respondent, 
v
Interfaith Medical Center, et al., appellants.

Bond, Schoeneck & King, PLLC, New York, NY (Rebecca K. Kimura of counsel), for appellants.
Valli Kane & Vagnini LLP, Garden City, NY (Matthew L. Berman and Alexander M. White of counsel), for respondent.

DECISION & ORDER
In a putative class action, inter alia, to recover damages for violations of Labor Law § 193, the defendants appeal from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated December 3, 2018. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the first and third causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Theophilus Okeke (hereinafter Okeke) was a physician employed by the defendant Interfaith Medical Center (hereinafter Interfaith). In 2017, Okeke commenced this putative class action, inter alia, on behalf of himself and other physicians employed by Interfaith to recover damages for violations of Labor Law § 193, and, individually, to recover damages for age discrimination in violation of the New York City Human Rights Law (Administrative Code of City of NY § 8-101 et seq.; hereinafter the NYCHRL). The first cause of action alleged violations of Labor Law § 193 based on allegations that the defendants failed to pay Okeke a promised additional $96 per shift for performing medical evaluations on pre-admitted psychiatric patients. The third cause of action alleged age discrimination in violation of the NYCHRL based on allegations that the defendants paid Okeke significantly less than his substantially younger, similarly situated coworkers because of his age.
The defendants moved, pre-answer, pursuant to CPLR 3211(a)(7) to dismiss the amended complaint for failure to state a cause of action. In an order dated December 3, 2018, the Supreme Court, inter alia, denied those branches of the motion which were pursuant to CPLR 3211(a)(7) to dismiss the first and third causes of action. The defendants appeal. During the pendency of the appeal, Okeke died, and the administrator of his estate was substituted for him.
Labor Law § 193(1) prohibits an employer from making "any deduction from the wages of an employee" unless permitted by law or expressly authorized in writing by the employee for certain payments made for the employee's benefit. For purposes of that statute, "wages" are [*2]defined as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis" (id. § 190[1]).
Here, the amended complaint alleged, inter alia, that Okeke was an employee of Interfaith and that Interfaith improperly withheld a portion of the wages he had earned—an additional $96 for each shift during which he performed medical evaluations on pre-admitted psychiatric patients. Accordingly, the amended complaint adequately stated a cause of action to recover damages for violations of Labor Law § 193 (see Silvers v Jamaica Hosp., 218 AD3d 817, 819; Gertler v Davidoff Hutcher & Citron LLP, 186 AD3d 801, 808; Ackerman v New York Hosp. Med. Ctr. of Queens, 127 AD3d 794, 795; see also Zinno v Frank J. Schlehr, M.D., P.C., 175 AD3d 843, 844; see generally Ryan v Kellogg Partners Inst. Servs., 19 NY3d 1, 16).
Contrary to the defendants' contention, since the amended complaint adequately stated a cause of action to recover damages for violations of Labor Law § 193, the allegations therein did not conclusively establish the absence of a basis for class action relief as a matter of law (cf. Downing v First Lenox Terrace Assoc., 107 AD3d 86, 91, affd 24 NY3d 382). Further, it would be premature to dismiss the class action allegations pursuant to CPLR 3211(a)(7) on the ground that the prerequisites for class certification enumerated under CPLR 901(a) were not satisfied (see Matter of Long Is. Power Auth. Hurricane Sandy Litig., 134 AD3d 1119, 1120; Ackerman v New York Hosp. Med. Ctr. of Queens, 127 AD3d at 795).
To state a cause action to recover damages for age discrimination in violation of the NYCHRL, a plaintiff must allege that (1) he or she is a member of a protected class, (2) he or she was qualified to hold the position, (3) he or she was subject to an unfavorable change or treated less well than other employees, and (4) the unfavorable change or different treatment occurred under circumstances giving rise to an inference of discrimination (see Golston-Green v City of New York, 184 AD3d 24, 36-38; see also Gregorian v New York Life Ins. Co., 211 AD3d 711, 712; Ayers v Bloomberg, L.P., 203 AD3d 872, 874). Here, the amended complaint adequately alleged that Okeke is a member of a protected class, was qualified to hold his position, and was treated less well than other employees. Further, contrary to the defendants' contention, the amended complaint also adequately alleged that Okeke was treated differently under circumstances giving rise to an inference of age discrimination. In particular, the allegation that the defendants' actions were motivated by age-related bias is supported by specific factual allegations that Okeke was paid less money for doing the same job as his less experienced, less qualified, much younger coworkers, two of whom were identified in detail (see Ayers v Bloomberg, L.P., 203 AD3d at 875; cf. Askin v Department of Educ. of the City of N.Y., 110 AD3d 621, 622).
Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the first and third causes of action.
The defendants' remaining contention is without merit.
BRATHWAITE NELSON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court