Ramirez v Issa (2026 NY Slip Op 00271)

Ramirez v Issa

2026 NY Slip Op 00271

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2023-11020
 (Index No. 521206/23)

[*1]Cesar Ramirez, et al., respondents, 
vMoneer Issa, et al., appellants.

Glenn Agre Bergman & Fuentes LLP, New York, NY (Michael Paul Bowen, Jewel Tewiah, and Cariana R. Salvatierra of counsel), for appellants.
The Dweck Law Firm, LLP, New York, NY (Jack S. Dweck and Rourke T. Feinberg of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, conversion, defamation, and violations of Labor Law article 6, the defendants appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated October 16, 2023. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the third and fifth causes of action and so much of the first cause of action as alleged a violation of Labor Law § 193 and purportedly alleged a violation of Labor Law § 195.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the third and fifth causes of action and so much of the first cause of action as purportedly alleged a violation of Labor Law § 195, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In January 2022, the plaintiffs, Cesar Ramirez and Adriana Rodriguez, and the defendant Moneer Issa, executed a stockholders agreement for the defendant Manhattan Fare Corp. (hereinafter Manhattan Fare), in which the plaintiffs held 50% of the shares and Issa and his spouse held the other 50% of the shares. Manhattan Fare allegedly operated a restaurant, known as Chef's Table at Brooklyn Fare (hereinafter the restaurant), at which Ramirez was employed as executive chef. On July 1, 2023, Issa allegedly terminated Ramirez's employment at the restaurant without cause.
In July 2023, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract, conversion, defamation, and violations of Labor Law article 6 against Issa, Manhattan Fare, and 431 Food Market Corp. Insofar as relevant to this appeal, the first cause of action sought to recover damages for alleged violations of Labor Law article 6, alleging, among other things, that the defendants unlawfully withheld earned wages from Ramirez. In addition, the third cause of action sought to recover damages for conversion, alleging that the defendants improperly refused to permit Ramirez to recover possession of various equipment, furnishings, and [*2]accouterments, which he had purchased at his personal expense for the restaurant. Further, the fifth cause of action sought to recover damages for defamation, alleging that Issa caused a letter dated July 17, 2023, to be published in which he falsely accused Ramirez of, inter alia, engaging in a "sustained campaign to steal Company Property" and recruiting restaurant staff to leave the restaurant to join Ramirez in a new venture and falsely accused Rodriguez of aiding and abetting Ramirez in stealing property.
Thereafter, the defendants moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the first, third, and fifth causes of action. In an order dated October 16, 2023, the Supreme Court, inter alia, denied those branches of the defendants' motion which were to dismiss the third and fifth causes of action and so much of the first cause of action as alleged a violation of Labor Law § 193 and purportedly alleged a violation of Labor Law § 195. The defendants appeal.
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Weinstein v Levitin, 208 AD3d 531, 532 [internal quotation marks omitted]; see 25-86 41st St., LLC v Guzman, 234 AD3d 649, 650).
"Article 6 of the Labor Law sets forth a comprehensive set of statutory provisions enacted to strengthen and clarify the rights of employees to the payment of wages" (Truelove v Northeast Capital & Advisory, 95 NY2d 220, 223). Labor Law § 190(2) broadly defines an "employee" as "any person employed for hire by an employer in any employment," including "executives" (Pachter v Bernard Hodes Group, Inc., 10 NY3d 609, 614 [internal quotation marks omitted]; see Parker v Revlon, Inc., 211 AD2d 415, 416). Further, Labor Law § 190(3) broadly defines an "employer" as "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service." Labor Law § 193 "prohibits an employer from making 'any deduction from the wages of an employee' unless permitted by law or authorized by the employee for certain payments made for the employee's benefit" (Ryan v Kellogg Partners Inst. Servs., 19 NY3d 1, 16, quoting Labor Law § 193[1]; see Ackerman v New York Hosp. Med. Ctr. of Queens, 127 AD3d 794, 795). Pursuant to a 2021 amendment, Labor Law § 193(5) provides that "[t]here is no exception to liability under this section for the unauthorized failure to pay wages, benefits or wage supplements."
Here, the allegations in the complaint, viewed in the light most favorable to the plaintiffs, sufficiently alleged a cause of action to recover damages for a violation of Labor Law § 193 based upon the defendants' alleged unlawful failure to pay Ramirez wages for his work as an employee (see Gertler v Davidoff Hutcher & Citron LLP, 186 AD3d 801, 808; Ackerman v New York Hosp. Med. Ctr. of Queens, 127 AD3d at 795). Thus, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss so much of the first cause of action as alleged a violation of Labor Law § 193.
However, the Supreme Court improperly determined that the complaint stated a cause of action to recover damages for a violation of Labor Law § 195, which pertains to notice and record-keeping requirements, since the complaint did not set forth any allegations pertaining to that statute (cf. Cabrera v Deadwood Constr., Inc., 226 AD3d 743, 744). Thus, the court improperly denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss so much of the first cause of action as purportedly alleged a violation of Labor Law § 195.
"To establish a cause of action to recover damages for conversion, a plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's rights" (RD Legal Funding Partners, LP v Worby Groner Edelman & Napoli Bern, LLP, 195 AD3d 968, 970 [internal quotation marks omitted]). Here, the plaintiffs failed to state a cause of action alleging conversion, as they did not identify any specific property that allegedly was converted by the defendants (see Mohrman v Johns, 210 AD3d 1075, 1076; Messiah's Covenant Community Church v Weinbaum, 74 AD3d 916, 919; Walden Terrace v Broadwall Mgt. [*3]Corp., 213 AD2d 630, 631). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action, which sought to recover damages for conversion.
"The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" (Whelan v Cuomo, 220 AD3d 979, 980 [internal quotation marks omitted]; see Greenberg v Spitzer, 155 AD3d 27, 41). The complaint "must also allege the time when, place where, and manner in which the false statement was made, and specify to whom it was made" (Epifani v Johnson, 65 AD3d 224, 233; see Starr v Akdeniz, 162 AD3d 948, 950). Here, the plaintiff failed to sufficiently allege the manner in which the allegedly defamatory statements were published or to specify the person or persons to whom the allegedly defamatory statements were made (see Delanerolle v St Catherine of Sienna Med. Ctr., 231 AD3d 1013, 1015; Bell v Slepakoff, 224 AD2d 567, 568-569). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the fifth cause of action, which sought to recover damages for defamation.
The parties' remaining contentions either need not be reached in light of our determination, are not properly before this Court, or are without merit.
CONNOLLY, J.P., WOOTEN, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court