■ ABRAHAM I. LITWACK, Respondent, v. JOSEPH R. RAPPA, Appellant.— In an action by a lawyer to recover damages for slander, defendant appeals from a judgment of the County Court, Nassau County, entered April 6, 1959, after trial, on a jury verdict of $500 in favor of plaintiff. Defendant contends that the trial court erred with respect to rulings upon the trial and with respect to its charge to the jury. Judgment affirmed, with costs. (Civ. Prac. Act, § 106.) Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

■ MICHAEL McNICHOLS et al., Respondents, v. LESTER WEISS, Appellant. — In an action, pending in the Supreme Court, Nassau County, to recover damages for injuries to the person, defendant appeals from an order of said court, dated June 6, 1960, denying his motion: (a) to remove to the Supreme Court an action pending in the District Court of Nassau County, to recover damages for injury to property, brought by the female plaintiff against said defendant; and (b) to consolidate the District Court action with the Supreme Court action. Order reversed, with $10 costs and disbursements, and motion granted. In our opinion, it was an improvident exercise of discretion to deny consolidation. The personal injuries for which recovery is sought in the Supreme Court action, and the property damage for which recovery is sought in the District Court action, both resulted from the same accident between two automobiles. The female plaintiff, who is the owner of one of the automobiles involved, is the plaintiff who was injured. She is seeking to recover damages for injuries to her person and property. Her husband, plaintiff Michael McNichols, seeks to recover damages (in the Supreme Court action) for the loss of her services. By bringing the two separate actions, the plaintiffs are in effect splitting their claims and unnecessarily subjecting the courts and the defendant to separate trials with a possibility of inconsistent awards. Under the circumstances, multiplicity of actions should be avoided and all the claims should be tried in one action in the Supreme Court. Nolan, P. J., Kleinfeld, Christ and Pette, JJ., concur; Brennan, J., not voting.