Interstate Home Loan Ctr., Inc. v United Mtge. Corp. (2022 NY Slip Op 03715)

Interstate Home Loan Ctr., Inc. v United Mtge. Corp.

2022 NY Slip Op 03715

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2018-11579
 (Index No. 610453/17)

[*1]Interstate Home Loan Center, Inc., plaintiff-respondent,
v
United Mortgage Corp., et al., appellants, Alexander J. Niven, etc., et al., defendants- respondents.

Neil H. Greenberg & Associates, P.C., Massapequa, NY (Melanie Lazarus of counsel), for appellants.
Fred M. Schwartz (The McDonald Law Firm, Hauppauge, NY [William J. McDonald], of counsel), for plaintiff-respondent and defendants-respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for tortious interference with business relations, the defendants United Mortgage Corp., Nicole Paige, Mark Rosenbloom, Ira Zimmerman, and Christopher Fiacco appeal from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated July 25, 2018. The order, insofar as appealed from, granted those branches of the motion of the plaintiff and the defendants Alexander J. Niven and Terence J. Cullen which were pursuant to CPLR 3211(a)(1) to dismiss the tenth, eleventh, twelfth, and thirteenth counterclaims insofar as asserted against the plaintiff, and pursuant to CPLR 3211(a)(7) to dismiss the ninth, tenth, eleventh, twelfth, and thirteenth counterclaims insofar as asserted against the defendants Alexander J. Niven and Terence J. Cullen.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the plaintiff and the defendants Alexander J. Niven and Terence J. Cullen which were pursuant to CPLR 3211(a)(1) to dismiss the tenth, eleventh, twelfth, and thirteenth counterclaims insofar as asserted against the plaintiff, and pursuant to CPLR 3211(a)(7) to dismiss the ninth, tenth, eleventh, twelfth, and thirteenth counterclaims insofar as asserted against the defendants Alexander J. Niven and Terence J. Cullen, are denied.
In 2017, the plaintiff commenced this action alleging, inter alia, that the defendants United Mortgage Corp., Nicole Paige, Mark Rosenbloom, Ira Zimmerman, and Christopher Fiacco (hereinafter collectively the defendants) conspired with former employees of the plaintiff to misappropriate the plaintiff's confidential and proprietary data, including customer information, sales leads, and trade secrets. The defendants interposed an answer, wherein they asserted numerous counterclaims. Further, pursuant to CPLR 3019(d), the defendants added, as additional defendants, Alexander J. Niven and Terence J. Cullen (hereinafter together the additional defendants). Niven is the plaintiff's president and Cullen is the plaintiff's vice president.
Insofar as relevant here, in their answer, the defendants alleged in the ninth counterclaim that the plaintiff and the additional defendants violated the Labor Law by failing to pay [*2]Fiacco overtime compensation for the time periods in which he worked in excess of 40 hours per week. The defendants alleged in the tenth counterclaim that the plaintiff and the additional defendants violated the Labor Law by failing to pay Fiacco at the applicable minimum hourly wages for all hours worked during his employment. In the eleventh counterclaim, the defendants alleged that the plaintiff and the additional defendants failed to pay Fiacco regular wages pursuant to Labor Law §§ 191 and 198. The defendants alleged in the twelfth counterclaim that the plaintiff and the additional defendants failed to provide Fiacco with wage notices under Labor Law § 195(1). The defendants alleged in the thirteenth counterclaim that the plaintiff and the additional defendants failed to provide Fiacco with wage statements under Labor Law § 195(3).
The plaintiff and the additional defendants moved, inter alia, pursuant to CPLR 3211(a)(1) to dismiss the tenth, eleventh, twelfth, and thirteenth counterclaims insofar as asserted against the plaintiff, and pursuant to CPLR 3211(a)(7) to dismiss the ninth, tenth, eleventh, twelfth, and thirteenth counterclaims insofar as asserted against the additional defendants. The Supreme Court, among other things, granted those branches of the motion, and the defendants appeal.
A motion to dismiss a cause of action pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations and conclusively establishes a defense to the cause of action as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Gruber v Donaldsons, Inc., 201 AD3d 887, 888).
Here, the Supreme Court should have denied that branch of the motion which was pursuant to CPLR 3211(a)(1) to dismiss the tenth, eleventh, twelfth, and thirteenth counterclaims insofar as asserted against the plaintiff. The submissions by the plaintiff and the additional defendants failed to utterly refute the defendants' allegations that the plaintiff violated the subject provisions of the Labor Law as set forth in their tenth, eleventh, twelfth, and thirteenth counterclaims.
Further, the Supreme Court erred in granting that branch of the motion which was pursuant to CPLR 3211(a)(7) to dismiss the ninth, tenth, eleventh, twelfth, and thirteenth counterclaims insofar as asserted against the additional defendants. On a motion to dismiss for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the pleading party the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; Leon v Martinez, 84 NY2d 83, 87; V. Groppa Pools, Inc. v Massello, 106 AD3d 722). "[C]orporate shareholders and officers generally may not be subjected to civil liability for corporate violations of the Labor Law absent allegations that such persons exercised control of the corporation's day-to-day operations by, for example, hiring and firing employees, supervising employee work schedules, and determining the method and rate of pay" (Lomeli v Falkirk Mgt. Corp., 179 AD3d 660, 663; see Cohen v Finz & Finz, P.C., 131 AD3d 666, 667). Here, the defendants adequately alleged, inter alia, that the additional defendants controlled the day-to-day operations of the plaintiff, including the plaintiff's payment practices.
IANNACCI, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court