Gutierrez v Bactolac Pharm., Inc. (2022 NY Slip Op 06233)

Gutierrez v Bactolac Pharm., Inc.

2022 NY Slip Op 06233

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2019-11595
 (Index No. 609612/19)

[*1]Rubia E. Gutierrez, et al., appellants,
v
Bactolac Pharmaceutical, Inc., respondent.

Moser Law Firm, P.C., Huntington, NY (Steven J. Moser of counsel), for appellants.
Jackson Lewis, P.C., Melville, NY (Jeffrey M. Schlossberg and William Kang of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for alleged unpaid wages in violation of Labor Law article 19, § 650 et seq., the supporting New York State Department of Labor Regulations, 12 NYCRR part 142, and Labor Law § 191, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated September 23, 2019. The order granted the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.
The plaintiffs commenced this action against their employer, the defendant, Bactolac Pharmaceutical, Inc., to recover damages for unpaid wages. The complaint alleged, inter alia, that the plaintiffs were not compensated for time they spent engaging in "hygienic practices" required by their employer and 21 CFR 111.10(b) to perform their work, and that they worked in excess of 40 hours per week and were not compensated for their overtime. The first cause of action, which sought recover of unpaid overtime wages, asserted violations of Labor Law article 19, § 650 et seq., and the applicable New York State Department of Labor Regulations, 12 NYCRR part 142. The second cause of action, which sought recovery of unpaid straight wages, asserted violations of Labor Law § 191.
The Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action. Contrary to the court's determination, the pleading requirements for a cause of action alleging unpaid overtime under the relevant provisions of the New York Labor Law are not identical to those under the federal Fair Labor Standards Act (29 USC § 201 et seq.), as the federal pleading requirement of plausibility in a cause of action such as this is not an element of the analysis under CPLR 3211(a)(7).
Rather, when considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any [*2]cognizable legal theory (see Nonnon v City of New York, 9 NY3d 825, 827; Leon v Martinez, 84 NY2d 83, 87-88). New York's pleading standard is embodied in CPLR 3013, which provides that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." Here, the plaintiffs' allegations in support of the first cause of action, seeking unpaid overtime wages, were sufficient to state a cause of action for violations of Labor Law article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 NYCRR part 142 (see CPLR 3013; Leon v Martinez, 84 NY2d at 87-88).
However, the Supreme Court properly directed dismissal of the second cause of action, which alleged violations of Labor Law § 191, as that statute pertains to frequency of pay and not unpaid wages (see id.).
The plaintiffs' remaining contentions are without merit.
DUFFY, J.P., CHRISTOPHER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court