Silvers v Jamaica Hosp. (2023 NY Slip Op 03938)

Silvers v Jamaica Hosp.

2023 NY Slip Op 03938

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2021-00446
 (Index No. 620936/19)

[*1]Oren Silvers, appellant,
v
Jamaica Hospital, respondent.

David Abrams, New York, NY, for appellant.
Martin Clearwater & Bell, LLP, New York, NY (Barbara D. Goldberg and Kenneth R. Larywon of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover unpaid wages and damages for unlawful discrimination, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Linda J. Kevins, J.), dated November 19, 2020. The order granted the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint for failure to state a cause of action.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint is denied.
The plaintiff commenced this action against the defendant, his former employer, inter alia, to recover unpaid wages and damages for employment discrimination. The amended complaint alleged, among other things, that the plaintiff had worked for the defendant as an emergency medical technician (hereinafter EMT), had been paid an hourly wage, and had worked hours for which he was not paid. The amended complaint also alleged that the defendant failed to provide accurate pay stubs to the plaintiff in violation of the Wage Theft Prevention Act. The amended complaint further alleged that the plaintiff was terminated from his employment for the stated reason that he was involved in an accident in a company vehicle, while several female EMTs who were involved in incidents of comparable severity were not discharged, and that his termination was the result of unlawful discrimination on the basis of sex in violation of the New York State Human Rights Law (Executive Law § 290 et seq. [hereinafter NYSHRL]) and the New York City Human Rights Law (Administrative Code of the City of New York § 8-107 [hereinafter NYCHRL]). The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint for failure to state a cause of action. The Supreme Court granted the motion, and the plaintiff appeals.
New York's pleading standard is embodied in CPLR 3013, which provides that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense" (see Gutierrez v Bactolac Pharm., Inc., 210 AD3d 746, 747).
"When reviewing a defendant's motion to dismiss a complaint for failure to state a cause of action, a court must give the complaint a liberal construction, accept the allegations as true [*2]and provide plaintiffs with the benefit of every favorable inference" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38 [internal quotation marks omitted]; see Doe v Bloomberg L.P., 36 NY3d 450, 454). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d at 38). "Unlike on a motion for summary judgment where the court searches the record and assesses the sufficiency of the parties' evidence, on a motion to dismiss the court merely examines the adequacy of the pleadings" (Davis v Boeheim, 24 NY3d 262, 268 [internal quotation marks omitted]; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d at 38).
Here, the amended complaint adequately set forth a cause of action to recover unpaid wages, as the plaintiff alleged he was employed by the defendant, that his wages were determined on the basis of time worked, and that he worked hours for which he was not paid (see Ackerman v New York Hosp. Med. Ctr. of Queens, 127 AD3d 794, 795-796; Webb v Greater N.Y. Auto. Dealers Assn., Inc., 123 AD3d 1111, 1112; V. Groppa Pools, Inc. v Massello, 106 AD3d 723, 724; see generally Ryan v Kellogg Partners Inst. Servs., 19 NY3d 1, 16). Moreover, the plaintiff stated a cognizable cause of action against the defendant for a violation of the Wage Theft Prevention Act by alleging that his wage statements inaccurately reflected the hours that he worked (see Labor Law § 195[3]; Copper v Cavalry Staffing, LLC, 132 F Supp 3d 460, 466 [ED NY]).
The NYSHRL (Executive Law § 290 et seq.) and the NYCHRL (Administrative Code § 8-101 et seq.), prohibit discrimination in employment on the basis of sex (see Executive Law § 296[1][a]; Administrative Code § 8-107[1][a]). "A plaintiff alleging discrimination in employment in violation of the NYSHRL must establish that (1) she or he is a member of a protected class, (2) she or he was qualified to hold the position, (3) she or he suffered an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination" (Ayers v Bloomberg, L.P., 203 AD3d 872, 874; see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305). "Under the NYCHRL, the plaintiff must establish that she or he was subject to an unfavorable employment change or treated less well than other employees on the basis of a protected characteristic" (Ayers v Bloomberg, L.P., 203 AD3d at 874; see Golston-Green v City of New York, 184 AD3d 24, 38). Here, accepting the facts as alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference, the complaint sufficiently alleges circumstances which give rise to an inference of sex discrimination, and adequately states a cause of action pursuant to the NYCHRL and the NYSHRL (see Oluwo v Sutton, 206 AD3d 750, 752; Mirro v City of New York, 159 AD3d 964, 966; Kassapian v City of New York, 155 AD3d 851).
Contrary to the defendant's contention, the amended complaint was "sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause [of] action" (CPLR 3013; see Leon v Martinez, 84 NY2d 83, 87-88; Gutierrez v Bactolac Pharm., Inc., 210 AD3d at 747).
Accordingly, the Supreme Court should have denied the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint.
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court