Okeke v Interfaith Med. Ctr. (2024 NY Slip Op 00775)

Okeke v Interfaith Med. Ctr.

2024 NY Slip Op 00775

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2019-12587
 (Index No. 524200/18)

[*1]Deidre Okeke, as administrator of the estate of Theophilus Okeke, respondent, 
v
Interfaith Medical Center, et al., appellants.

Bond, Schoeneck & King, PLLC, New York, NY (Rebecca K. Kimura of counsel), for appellants.
Valli Kane & Vagnini LLP, Garden City, NY (Robert J. Valli, Jr., Matthew L. Berman, and Alexander M. White of counsel), for respondent.

DECISION & ORDER
In a putative class action, inter alia, to recover damages for violations of Labor Law § 193, the defendants appeal from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated September 26, 2019. The order, insofar as appealed from, denied the separate motions of the defendant Interfaith Medical Center and the defendants LaRay Brown, Pradeep Chandra, and Charles Lawrence pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Theophilus Okeke was employed as a per diem physician by the defendant Interfaith Medical Center (hereinafter Interfaith). In 2018, Okeke commenced this putative class action on behalf of himself and other per diem physicians against Interfaith and three of its principals, the defendants LaRay Brown, Pradeep Chandra, and Charles Lawrence (hereinafter collectively the individual defendants). The first cause of action alleged violations of Labor Law § 193 based on allegations that the defendants unlawfully deducted one hour of pay from the per diem physicians' paychecks for each workday for a meal break, even if a physician had worked through the break period on the particular day. The second cause of action alleged violations of Labor Law § 195 based on allegations that the defendants willfully failed to provide the per diem physicians with wage statements and notices as required by that statute.
Interfaith moved, pre-answer, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it. The individual defendants separately moved, pre-answer, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them, adopting Interfaith's arguments made in support of its motion to dismiss. In an order dated September 26, 2019, the Supreme Court, inter alia, denied the defendants' motions. The defendants appeal. During the pendency of the appeal, Okeke died, and the administrator of his estate was substituted for him.
Contrary to the defendants' contention, the Supreme Court did not err in refusing to dismiss the complaint as violative of the rule against claim splitting (see generally Caracaus v [*2]Conifer Cent. Sq. Assoc., 158 AD3d 63, 67; Craig-Oriol v Mount Sinai Hosp., 201 AD2d 449, 450). Although Okeke commenced an earlier, still pending action involving the same defendants in which, inter alia, he also seeks to recover damages for violations of Labor Law article 6 on behalf of himself and others similarly situated, the foundational facts of each action are separate and distinct, and not based upon the same liability (see Melcher v Greenberg Traurig LLP, 135 AD3d 547, 552; Murray, Hollander, Sullivan & Bass v HEM Research, 111 AD2d 63, 66-67). In any event, in the order appealed from, the court, sua sponte, directed the consolidation of the two actions for all purposes, thus remedying any unnecessary consequences of the alleged claim splitting (see generally McNichols v Weiss, 12 AD2d 646, 646).
Labor Law § 193(1) prohibits an employer from making "any deduction from the wages of an employee" unless permitted by law or expressly authorized in writing by the employee for certain payments made for the employee's benefit. For purposes of that statute, "wages" are defined as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis" (id. § 190[1]).
Here, the complaint alleged that Okeke was an employee of the defendants, that his wages were determined on the basis of time, and that the defendants improperly withheld a portion of the wages that he had earned for working through his meal breaks. Accordingly, the complaint adequately stated a cause of action to recover damages for violations of Labor Law § 193 (see Silvers v Jamaica Hosp., 218 AD3d 817, 819; Gertler v Davidoff Hutcher & Citron LLP, 186 AD3d 801, 808; Ackerman v New York Hosp. Med. Ctr. of Queens, 127 AD3d 794, 795; see also Zinno v Frank J. Schlehr, M.D., P.C., 175 AD3d 843, 844; see generally Ryan v Kellogg Partners Inst. Servs., 19 NY3d 1, 16).
Contrary to the defendants' contention, since the complaint adequately stated a cause of action to recover damages for violations of Labor Law § 193, the allegations therein did not conclusively establish the absence of a basis for class action relief as a matter of law (cf. Downing v First Lenox Terrace Assoc., 107 AD3d 86, 91, affd 24 NY3d 382). Further, it would be premature to dismiss the class action allegations pursuant to CPLR 3211(a)(7) on the ground that the prerequisites for class certification enumerated under CPLR 901(a) were not satisfied (see Matter of Long Is. Power Auth. Hurricane Sandy Litig., 134 AD3d 1119, 1120; Ackerman v New York Hosp. Med. Ctr. of Queens, 127 AD3d at 795).
Labor Law § 195(3) requires every employer to provide each employee with a statement with every payment of wages that lists gross and net wages and deductions, among other things. Here, contrary to the defendants' contention, the complaint adequately stated a cause of action to recover damages for violations of Labor Law § 195 based on allegations that the wage statements furnished to Okeke did not accurately reflect his wages and deductions in light of the improper withholding of a portion of his wages that he had earned for working through his meal breaks (see Silvers v Jamaica Hosp., 218 AD3d at 819). The defendants' contention that Okeke's wage statements were accurate presupposes that there was no improper withholding of any portion of his wages that he had earned for working through his meal breaks, as does their purported affirmative defense of complete and timely payment of all wages due (see Labor Law § 198[1-d]).
Accordingly, the Supreme Court properly denied the defendants' separate motions pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against each of them.
The defendants' remaining contention is without merit.
BRATHWAITE NELSON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court