Cabrera v Deadwood Constr., Inc. (2024 NY Slip Op 01905)

Cabrera v Deadwood Constr., Inc.

2024 NY Slip Op 01905

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HELEN VOUTSINAS
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-01817
 (Index No. 50350/21)

[*1]Edgar Cabrera, etc., et al., respondents, 
v
Deadwood Construction, Inc., et al., appellants, et al., defendants.

Milman Labuda Law Group PLLC, Lake Success, NY (Jamie S. Felsen and Emanuel Kataev of counsel), for appellants.
Virginia & Ambinder, LLP, New York, NY (Jack L. Newhouse and Joel L. Goldenberg of counsel), for respondents.

DECISION & ORDER
In a putative class action, inter alia, to recover unpaid wages, the defendants Deadwood Construction, Inc., Jerome Harrigan, and Patrick Farrell appeal from an order of the Supreme Court, Westchester County (James W. Hubert, J.), dated March 7, 2022. The order denied those defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Deadwood Construction, Inc., Jerome Harrigan, and Patrick Farrell which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action insofar as asserted as against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to those defendants.
The Supreme Court properly denied those branches of the motion of the defendants Deadwood Construction, Inc., Jerome Harrigan, and Patrick Farrell (hereinafter collectively the defendants) which were pursuant to CPLR 3211(a)(7) to dismiss the first, second, and fourth causes of action insofar as asserted against them. Contrary to the defendants' contentions, the pleading requirements for causes of action alleging unpaid wages and overtime compensation under the relevant provisions of the Labor Law are not identical to those under the federal Fair Labor Standards Act (29 USC § 201 et seq.), as the federal pleading requirement of plausibility is not an element of the analysis under CPLR 3211(a)(7) (see Gutierrez v Bactolac Pharm., Inc., 210 AD3d 746, 747).
Rather, when considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38; Nonnon v City of New York, 9 NY3d 825, 827; Leon v Martinez, 84 NY2d 83, 87-88; Gutierrez v Bactolac Pharm., Inc., 210 AD3d at 747). New York's pleading standard is embodied in CPLR 3013, which provides that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d at 38). "Unlike on a motion for summary judgment where the court searches the record and assesses [*2]the sufficiency of the parties' evidence, on a motion to dismiss the court merely examines the adequacy of the pleadings" (Davis v Boeheim, 24 NY3d 262, 268 [internal quotation marks omitted]; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d at 38).
Here, the amended complaint adequately set forth causes of action to recover unpaid wages and overtime compensation, as the plaintiffs alleged that the defendants failed to pay them minimum wages for all hours worked and failed to pay them overtime compensation for the time periods in which they worked in excess of 40 hours per week (see Gutierrez v Bactolac Pharm., Inc., 210 AD3d at 747; Interstate Home Loan Ctr., Inc. v United Mtge. Corp., 206 AD3d 708, 709-710). The amended complaint also stated a cognizable cause of action against the defendants alleging a violation of the Wage Theft Prevention Act by alleging that the plaintiffs were not provided wage statements under Labor Law § 195(3) (see Silvers v Jamaica Hosp., 218 AD3d 817, 819; Interstate Home Loan Ctr., Inc. v United Mtge. Corp., 206 AD3d at 709-710). Moreover, the amended complaint set forth sufficient allegations to assert liability against the defendants under the single employer doctrine and the joint employer doctrine (see Ferris v Lustgarten Found., 189 AD3d 1002, 1006-1007; Matter of Argyle Realty Assoc. v New York State Div. of Human Rights, 65 AD3d 273, 282-283; Fowler v Scores Holding Co., Inc., 677 F Supp 2d 673, 680-681 [SD NY]).
However, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action, which alleged violations of Labor Law § 191, insofar as asserted against them, as that statute pertains to frequency of pay and not unpaid wages (see Gutierrez v Bactolac Pharm., Inc., 210 AD3d at 747). The plaintiffs did not allege that the defendants required them to accept wages at periods other than those provided in Labor Law § 191 and did not mention the frequency of pay. Rather, the plaintiffs challenged the alleged failure to pay them for hours worked, which is the basis of the causes of action to recover unpaid wages and overtime compensation.
CHAMBERS, J.P., VOUTSINAS, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court