Conte v Tri-State Tech., Inc. (2025 NY Slip Op 02755)

Conte v Tri-State Tech., Inc.

2025 NY Slip Op 02755

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
JAMES P. MCCORMACK, JJ.

2023-05334
 (Index No. 605088/22)

[*1]Peter Conte, et al., appellants, et al., plaintiffs,
v
Tri-State Technologies, Inc., et al., respondents, et al., defendant.

Virginia & Ambinder, LLP, New York, NY (LaDonna M. Lusher, Jenny S. Brejt, and Law Office of Paul A. Pagano, P.C., of counsel), for appellants.
Lynn Gartner Dunne & Frigenti, LLP, Mineola, NY (Tiffany D. Frigenti and Jaclyn Ruggirello of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover unpaid wages, the plaintiffs Peter Conte, Shamus Doyle, and Brandon Tasso appeal from an order of the Supreme Court, Nassau County (Eileen C. Daly-Sapraicone, J.), entered May 15, 2023. The order, insofar as appealed from, granted those branches of the motion of the defendants Tri-State Technologies, Inc., Robert Boitel, and Elizabeth Boitel which were pursuant to CPLR 3211(a) to dismiss the first through sixth causes of action insofar as asserted by the plaintiffs Peter Conte, Shamus Doyle, and Brandon Tasso against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendants Tri-State Technologies, Inc., Robert Boitel, and Elizabeth Boitel which were pursuant to CPLR 3211(a) to dismiss the first, second, and fourth causes of action insofar as asserted by the plaintiffs Peter Conte, Shamus Doyle, and Brandon Tasso against them and the third cause of action insofar as asserted by the plaintiff Shamus Doyle against them, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs Peter Conte, Shamus Doyle, and Brandon Tasso.
In April 2022, the plaintiffs Peter Conte, Shamus Doyle, and Brandon Tasso (hereinafter collectively the plaintiffs), among others, commenced this action against the defendant Tri-State Technologies, Inc. (hereinafter Tri-State), their employer, the defendants Robert Boitel and Elizabeth Boitel (hereinafter collectively with Tri-State, the defendants), owners and officers of Tri-State, and another defendant. The first cause of action alleged that the defendants violated Labor Law article 19, § 650 et seq. and the applicable New York State Department of Labor Regulations, 12 NYCRR part 142, by failing to pay overtime compensation. The second cause of action alleged that the defendants failed to pay minimum wages for all hours worked. The third cause of action, asserted by Conte, Doyle, and another plaintiff, alleged that the defendants failed to provide wage notices in violation of Labor Law § 195(1). The fourth cause of action alleged that the defendants failed to provide accurate wage statements in violation of Labor Law § 195(3). The fifth cause of action alleged that Tri-State failed to pay the plaintiffs prevailing wages and supplemental benefits in breach of public works contracts that included prevailing wage provisions pursuant to Labor Law [*2]§ 220. The sixth cause of action alleged violations of Labor Law § 191.
The defendants moved, among other things, pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the first through sixth causes of action insofar as asserted by the plaintiffs against them. In an order entered May 15, 2023, the Supreme Court, inter alia, granted those branches of the defendants' motion. The plaintiffs appeal.
The Supreme Court erred in granting, pursuant to CPLR 3211(a)(7), those branches of the defendants' motion which were to dismiss the first, second, and fourth causes of action insofar as asserted against them. When considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Nonnon v City of New York, 9 NY3d 825, 827; Gutierrez v Bactolac Pharm., Inc., 210 AD3d 746, 747). New York's pleading standard is embodied in CPLR 3013, which provides that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38 [internal quotation marks omitted]; see Cabrera v Deadwood Constr., Inc., 226 AD3d 743, 744).
Here, the complaint adequately set forth causes of action to recover unpaid wages and overtime compensation, as the plaintiffs alleged that the defendants failed to pay them minimum wages for all hours worked and failed to pay them overtime compensation for time periods in which they worked in excess of 40 hours per week (see Cabrera v Deadwood Constr., Inc., 226 AD3d at 744; Gutierrez v Bactolac Pharm., Inc., 210 AD3d at 747). Moreover, the plaintiffs stated a cognizable cause of action under Labor Law § 195(3) by alleging that their wage statements inaccurately reflected the hours that they worked (see Silvers v Jamaica Hosp., 218 AD3d 817, 819).
Furthermore, the Supreme Court erred in granting, pursuant to CPLR 3211(a)(1), those branches of the defendants' motion which were to dismiss the third cause of action insofar as asserted by Doyle against them and the fourth cause of action insofar as asserted by the plaintiffs against them. "A motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Davis v Henry, 212 AD3d 597, 597 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326).
Here, the affidavit submitted by the defendants in support of their motion does not constitute documentary evidence within the meaning of CPLR 3211(a)(1) (see Davis v Henry, 212 AD3d at 598; Phillips v Taco Bell Corp., 152 AD3d 806, 807). The defendants' other submissions did not utterly refute the plaintiffs' factual allegations that Doyle was not provided with a wage notice at the time of hiring in violation of Labor Law § 195(1), or that the plaintiffs were not provided with accurate wage statements in violation of Labor Law § 195(3) (see Interstate Home Loan Ctr., Inc. v United Mtge. Corp., 206 AD3d 708, 710).
However, the Supreme Court properly granted, in effect, pursuant to CPLR 3211(a)(5), that branch of the defendants' motion which was to dismiss the third cause of action insofar as asserted by Conte against them. "On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Kravets v Striano, 229 AD3d 613, 613 [internal quotation marks omitted]). "The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable, or whether the action was actually commenced within the applicable limitations period" (St. Hillaire v Torres, 229 AD3d 476, 477 [internal quotation marks omitted]).
Here, the defendants demonstrated that so much of the third cause of action as alleged [*3]that they failed to provide Conte with a wage notice at the time of hiring in violation of Labor Law § 195(1) accrued on October 3, 2014, when he was hired. Thus, the defendants established, prima facie, that the plaintiffs failed to commence this action within the six-year limitations period (see id. § 198[3]; Badzio v Americare Certified Special Servs., Inc., 177 AD3d 838, 840). In opposition, the plaintiffs failed to raise a question of fact.
The Supreme Court also properly granted, pursuant to CPLR 3211(a)(7), that branch of the defendants' motion which was to dismiss the fifth cause of action, alleging breach of contract against Tri-State, insofar as asserted by the plaintiffs, as the complaint failed to identify the public works contracts allegedly breached by Tri-State (see Maldonado v Olympia Mech. Piping & Heating Corp., 8 AD3d 348, 350; cf. Stennett v Moveway Transfer & Stor., Inc., 97 AD3d 655, 657).
The Supreme Court additionally properly granted, in effect, pursuant to CPLR 3211(a)(7), that branch of the defendants' motion which was to dismiss the sixth cause of action, which alleged violations of Labor Law § 191, insofar as asserted by the plaintiffs against them, as that statute pertains to frequency of pay and not unpaid wages (see Cabrera v Deadwood Constr., Inc., 226 AD3d at 744-745; Gutierrez v Bactolac Pharm., Inc., 210 AD3d at 747). The plaintiffs did not allege that the defendants required them to accept wages at periods other than those provided in Labor Law § 191 and did not mention the frequency of pay. Rather, the plaintiffs challenged the alleged failure to pay them for hours worked, which is the basis of the causes of action to recover unpaid wages and overtime compensation (see Cabrera v Deadwood Constr., Inc., 226 AD3d at 745).
CONNOLLY, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court